IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: | : |
| LEN SALAS | : Case No 3:18-bk-02662 |
| | (Chapter 7) |
| Debtor | : |
| NICHOLAAS BREKELMANS AND GAIL BREKELMANS, Co-personal Representatives of the Estate Of Nina Brekelmans | : |
| and | : |
| MICHAEL McLOUGHLIN AND MARTHA JOHNSON, Co-personal Representatives of the Estate of Michael Patrick Mcloughlin | : |
| Plaintiffs | : |
| v. | : Case No. 3:20-ap-90027 |
| MAX SALAS | : |
| Defendant | : |

**APPELLANTS' AND CROSS-APPELLEES' DESIGNATION
OF THE RECORD AND STATEMENT OF ISSUES FOR APPEAL**

COME NOW the Appellants and Cross-appellees and designate the following items from the bankruptcy case and adversary docket as the record on appeal and further designates the following issues on appeal:

Except as specifically noted otherwise, the following terms shall have the meaning set forth below:

    a.    "Complaint" refers to the Plaintiffs Amended Complaint filed in

Adversary No. 3:20-ap-90027, February 16, 2021 (D-40);

b. "Bankruptcy Court" refers to the Bankruptcy Court for the Middle District of Tennessee from which this appeal is taken;

c. "D.C. Bankruptcy Court" refers to the United States Bankruptcy Court for the District of Columbia;

d. "Adversary Proceeding" refers to Case No. 3:20-ap-90027 filed and pending in the United States Bankruptcy Court for the Middle District of Tennessee, in bankruptcy case no. 3:18-bk-02662;

e. "Bankruptcy Case" refers to the Chapter 7 case of Len Salas, Case No. 3:18-bk-02662 filed in the United States Bankruptcy Case for the Middle District of Tennessee;

f. "D.C. Bankruptcy Case" refers to the Chapter 11 Case of Max Salas, Case No. 18-00260 filed in the United States Bankruptcy Court for the District of Columbia.

1. Designation of the record on appeal:

   A. From Adversary Proceeding 3:20-ap-90027:

   (1). All items designated by the Appellee-Cross-appellant, Max Salas (D-119), including all exhibits and attachments thereto; and

   (2). The Bankruptcy Court's Memorandum Opinion, December 7, 2020 (D-29); and

   (3) The Bankruptcy Court's Memorandum Opinion, February 11, 2021 (D-38); and

   (4) The Bankruptcy Court's Order Granting Derivative Standing, February 11, 2021 (D-39); and

   (5) Transcript of the Hearing in the Bankruptcy Court on November 8, 2022, on Plaintiffs' Motion for Summary Judgment (Transcript Ordered 9/18/23 (D-130); and

   (6) Transcript of the Hearing in the Bankruptcy Court on March 21, 2023, on the parties' Cross-Motions for Summary Judgment (Transcript Ordered 9/18/23 (D-136)); and

  (7)  Transcript of the Hearing in the Bankruptcy Court on August 15, 2023, on the Plaintiffs' Motion to Alter or Amend the Bankruptcy Court's Order of May 24, 2023 (Transcript Ordered 9/18/23 (D-132)); and

 B. From the Chapter 7 Bankruptcy Case of Len Salas, 3:18-bk-02662:

  (1)  Trustee's Motion and Notice to Sell Property Free and Clear of Liens, April 10, 2019 (D-162); and

  (2)  Order Granting Trustee's Motion to Sell Property Free and Clear of Liens, 6/12/2019, (D-179); and

  (3)  Trustee's Supplemental Notice of Auction, 6/27/19, (D-186); and

  (4)  Trustee's Notice of Rescheduled Auction, 7/16/19, (D-187); and

  (5)  Trustee's Report of Sale, August 14, 2019, (D-191); and

  (6)  Trustee's Final Report, February 3, 2020, (D-209); and

  (7)  Trustee's Summary of Final Report, February 3, 2020, (D-210); and

  (8)  Trustee's Final Account, 10/26/20, (D-220).

 2. Designation of the Issues for Appeal:

  a. Whether the Bankruptcy Court erred in not granting the Plaintiffs' Motion for Summary Judgment?; and

  b. Whether the Bankruptcy Court erred in granting the Defendant's belated Motion for Summary Judgment on the Plaintiffs' Counts asserting constructive fraud?; and

  c. Whether the Bankruptcy Court erred in determining that the decision of the D.C. Bankruptcy Court, limited to the issue of exempt property, had any preclusive effect on the Plaintiffs' claims for avoidance under 11 U.S.C.§ 544(Counts I-III), or recovery under 11 U.S.C. §548 and D.C. Code §§ 28-3104, *et seq.*(Counts IV-V)?; and

  d. Whether the Bankruptcy Court erred in determining that the decision of the D.C. Bankruptcy Court, limited to the issue of exempt property, had any preclusive effect on the Trustee's avoidance claims (11 U.S.C.§ 544)(Counts I-III) or recovery claims (11 U.S.C. §548; D.C. Code §§ 28-3104, *et seq.*)(Counts IV-V) in the Plaintiffs' Complaint?; and

e. Whether the Bankruptcy Court erred in its determination that the size of the Plaintiffs' claims allowed the Bankruptcy Court to attach the alleged preclusive effect of the D.C. Bankruptcy Court's findings and conclusions to the Plaintiffs' derivative claims in the Adversary Proceeding?; and

f. Whether the Bankruptcy Court erred in determining that a decision regarding an alleged owner of exempt property in the District of Columbia has any preclusive effect on the avoidance and recovery claims of the trustee in the Tennessee bankruptcy case of the titled owner of the property?; and

g. Whether the Bankruptcy Court erred in determining that the Plaintiffs were not entitled to summary judgment based upon the undisputed facts of this case and the controlling decision of ***McKinley v. Crawford***, 58 F.2d 528 (D.C. App. 1932)?; and

h. Whether the Bankruptcy Court erred when it determined that there were material issues of fact in dispute that prevented the Court from granting the Plaintiffs Summary Judgment on Counts I-III of the Amended Complaint?

Respectfully submitted,

BURCH PORTER & JOHNSON, PLLC


By: /s/ Taylor A. Cates
    Taylor A. Cates
130 North Court Avenue
Memphis, TN 38103
901-524-5165
901-524-5000 (fax)
Tacates@bpjlaw.com

LAW OFFICE OF PHILIP J. McNUTT, PLLC


By: /s/ Philip J. McNutt
    Philip J. McNutt
11921 Freedom Drive, Ste. 588
Reston, VA 20190
703-904-4380
202-379-9217 (fax)
Pmcnutt@mcnuttlawllc.com

<u>Certificate of Service</u>

  I HEREBY CERTIFY that a copy of the foregoing Motion was delivered electronically through the Court's ecf noticing system to Phillip G. Young, Jr., attorney for the Appellees and Cross-appellants, and all parties requesting notice, all on this 20th day of September, 2023.

             /s/ Philip J. McNutt
             Philip J. McNutt

-5-

Case 3:23-cv-00987  Document 7  Filed 10/04/23  Page 5 of 5 PageID #: 57