# U.S. Bankruptcy Court
## MIDDLE DISTRICT OF TENNESSEE (Nashville)
### Bankruptcy Petition #: 3:18−bk−02662

|  |  |
|---|---|
| | *Date filed:* 04/18/2018 |
| *Assigned to:* Marian F Harrison | *Date converted:* 12/26/2018 |
| Chapter 7 | *Date terminated:* 11/30/2020 |
| Previous chapter 11 | *Debtor discharged:* 06/24/2019 |
| Original chapter 11 | *341 meeting:* 01/23/2019 |
| Voluntary | *Deadline for objecting to discharge:* 06/23/2019 |
| Asset | *Deadline for financial mgmt. course:* 03/11/2019 |

*Debtor disposition:* Standard Discharge

***Debtor***
**Len Salas**
1018 Vince Ct
Murfreesboro, TN 37128−6417
RUTHERFORD−TN
SSN / ITIN: xxx−xx−6179

represented by **TIMOTHY G. NIARHOS**
NIARHOS LAW GROUP, PLC
1106 18TH AVE S
NASHVILLE, TN 37212
615−320−1101
Fax : 615−320−1102
Email: tim@niarhos.com

**Denis Graham (Gray) Waldron**
Dunham Hildebrand, PLLC
2416 21st Avenue South
Suite 303
NASHVILLE, TN 37212
629−777−6519
Email: gray@dhnashville.com

***Trustee***
**MICHAEL GIGANDET**
LAW OFFICE OF MICHAEL GIGANDET
208 CENTRE ST
PLEASANT VIEW, TN 37146
615 746−4949

represented by **MICHAEL GIGANDET**
LAW OFFICE OF MICHAEL
GIGANDET
208 CENTRE ST
PLEASANT VIEW, TN 37146
615 746−4949
Fax : 615 746−4950
Email: mg@trustesolutions.net

***U.S. Trustee***
**US TRUSTEE**
OFFICE OF THE UNITED STATES
TRUSTEE
701 BROADWAY STE 318
NASHVILLE, TN 37203−3966
615 736−2254

represented by **MEGAN REED SELIBER**
US Trustee's Office
701 Broadway
Suite 318
Nashville, TN 37203
615−736−2254
Email: megan.seliber@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 04/10/2019 | 162 | Motion and Notice to Sell Property Free and Clear of Liens under Section 363(f) − Property description: interst in real estate/avoidance action Fee Amount is $181.00. If timely response hearing will be held on 5/21/2019 |

| | | | |
|---|---|---|---|
| | | | at 09:00 AM at Courtroom 3, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203. Responses due by 5/1/2019. Certificate of Service mailed on 04/10/19. Filed on the behalf of: Trustee MICHAEL GIGANDET. (GIGANDET, MICHAEL) (Entered: 04/10/2019) |
| 06/12/2019 | | 179 | Order Granting *Trustee's* Motion to Sell Property Free and Clear of Liens under Section 363(f) *and Overruling the Estates Creditors' Objection to the Sale.* (RE: Ref Doc #162) (Related Doc #164, 169), BY THE COURT: Judge Marian F. Harrison (ko) (Entered: 06/12/2019) |
| 06/27/2019 | | 186 | *Trustee's Supplemental* Notice *of Auction* Filed on the behalf of: Trustee MICHAEL GIGANDET (RE: related document(s)179). (GIGANDET, MICHAEL) (Entered: 06/27/2019) |
| 07/16/2019 | | 187 | *Trustee's* Notice *of Rescheduled Auction* Filed on the behalf of: Trustee MICHAEL GIGANDET (RE: related document(s)179). (GIGANDET, MICHAEL) (Entered: 07/16/2019) |
| 08/14/2019 | | 191 | Trustee's Report of Sale Certificate of Service mailed on 08/14/19.. (GIGANDET, MICHAEL) (Entered: 08/14/2019) |
| 02/03/2020 | | 209 | Chapter 7 Trustee's Final Report, Application for Compensation and Application(s) for Compensation of Professionals (US TRUSTEE). (Entered: 02/03/2020) |
| 02/03/2020 | | 210 | Summary of Trustee's Final Report and Application for Compensation. (US TRUSTEE). (Entered: 02/03/2020) |
| 10/26/2020 | | 220 | Chapter 7 Trustee's Final Account, Certification the Estate Has Been Fully Administered and Application of Trustee to be Discharged. (US TRUSTEE). (Entered: 10/26/2020) |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:           CASE NO. 18-02662-MH3-7
LEN SALAS,         CHAPTER 7
              JUDGE MARIAN HARRISON

   Debtor.

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: May 1, 2019.
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: May 21, 2019
at 9:00 a.m., Courtroom 3, Second Floor, Customs House, 701 Broadway Nashville, TN
37203**.

### TRUSTEE'S NOTICE OF MOTION TO SELL PROPERTY

   Michael Gigandet, the Chapter 7 trustee, has asked the court for the following relief:  TO
SELL PROPERTY FOR TRUSTEE

   **YOUR RIGHTS MAY BE AFFECTED.**  If you do not want the court to grant the
attached motion, or if you want the court to consider your views on the motion, then on or before
May 1, 2019, you or your attorney must:

1.  File with the court your written response or objection explaining your position at:

   By Mail:  U.S. Bankruptcy Court, 701 Broadway, Room 160, Nashville, TN 37203
   In Person: U.S. Bankruptcy Court, 701 Broadway, 1st Floor, Nashville, TN 37203

2.  **Your response must state that the deadline for filing responses is May 1, 2019, the
date of the scheduled hearing is May 21, 2019 and the motion to which you are
responding is trustee's motion to sell property for trustee.**
   If you want a file stamped copy returned, you must include an extra copy and a self-
addressed, stamped envelope.

3.  You must also mail a copy of your response to:
   Michael Gigandet, Trustee, 208 Centre Street, Pleasant View, TN 37146
   U.S. Trustee, 318 Customs House, 701 Broadway, Nashville, TN 37203
   Debtor, Len Salas,  1018 Vince Ct
   Murfreesboro, TN 37128-6417
   Debtor's Attorney, TIMOTHY G. NIARHOS, 321 29th Ave. N., NASHVILLE, TN 37203

   If a timely response is filed, the hearing will be held at the time and place indicated
above.  **THERE WILL BE NO FURTHER NOTICE OF THE HEARING
DATE.**  You may check whether a timely response has been filed by calling the Clerk's
Office at 615-736-5584 or viewing the case on the Court's web site at <www.tnmb.
uscourts.gov>.  If you received this notice by mail, you may have three additional days
in which to file a timely response under Rule 9006(f) of the Federal Rules of Bankruptcy
procedure.

   If you or your attorney do not take these steps, the court may decide that you do not
oppose the relief sought in the motion and may enter an order granting that relief.

Date: April 10, 2019                                 Respectfully submitted,

**LAW OFFICE OF MICHAEL GIGANDET**

**/s/ Michael Gigandet**

_____

Michael Gigandet, Trustee #11498
208 Centre Street
Pleasant View, TN 37146
615-746-4949
michael@mgigandet.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                          CASE NO. 18-02662-MH3-7
LEN SALAS,                                      CHAPTER 7
                                                JUDGE MARIAN HARRISON

      Debtor.

## TRUSTEE'S MOTION TO SELL PROPERTY

Comes now Michael Gigandet, the duly appointed Chapter 7 trustee, and moves this Court for an order to sell property of the debtor as outlined below:

**DESCRIPTION OF PROPERTY:** Any and all claims and interests of the bankruptcy estate or the Chapter 7 trustee to the certain real estate located at 1610 Riggs Place, NW, Washington, DC 20009, such legal and equitable interest in the real estate having been ruled as possessed by Max Salas pursuant to that certain *Memorandum Decision and Order Re Objection to Homestead Exemption* entered on September 25, 2018, in the bankruptcy case of Max Salas before the United States Bankruptcy Court for the District of the District of Columbia; Case No. 18-00260. Such claims and interests being sold include, but are not limited to, the Chapter 7 trustee's rights to pursue a cause of action against Max Salas under the trustee's avoidance powers pursuant to Bankruptcy Code Sections 544, 545, 547, 548, 549, or 553.

**DATE AND TIME:** Immediately after objection period

**TYPE OF SALE:** Private sale to Ron Salas

**TERMS OF SALE:** $10,000.00 cash

**LIENS:** SunTrust Bank has a valid lien on the property located at 1610 Riggs Place, NW, Washington, DC 20009. There may also be certain tax liens on that property. All liens on the real property will continue to attach to the real property after this sale, in the order and priority in which they currently attach.

ANY VALID AND PROPER LIEN WILL ATTACH TO THE PROCEEDS OF THE SALE. TRUSTEE WILL CONVEY TO BUYER BY APPROPRIATE INSTRUMENT, THE RIGHT, TITLE AND INTEREST THAT TRUSTEE HAS THE RIGHT TO CONVEY. PROCEEDS OF THE SALE WILL BE SUBJECT TO AGENT FEES AND EXPENSES, IF ANY, AND ATTORNEY FOR TRUSTEE FEES AND EXPENSES.

Debtor's Statutory Exemption: The debtor is not entitled to an exemption from the sale of this interest.

The trustee is verifying with both the Internal Revenue Service and the Tennessee Dept. of Revenue that they have no secured tax liens against this debtor.

The sale represents an arms-length transaction between the parties, made without fraud, collusion, and no attempt has been made by either party to take any unfair advantage of the other. The Buyer is purchasing the property in good faith pursuant to 11 U.S.C. Section 363(m).

With the exception of liens that are perfected against the real estate located at 1610 Riggs Place, NW, Washington, DC 20009, the sale of the property is being made free and clear of any interest in the property held by an entity other than the estate pursuant to 11 U.S.C. Section 363(f) because either: (1) applicable non-bankruptcy law permits the sale of the property free and clear of such interests; (2) such entity consents to the sale; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceedings, to accept a money satisfaction of such interest.

Any party who objects to the motion to sell must file any response or objection electronically pursuant to the 9013 Notice of this Motion to Sell that has been filed and served with this motion. In the absence of a timely filed objection to this Motion to Sell, or, in the absence of a timely upset bid (as detailed below) the court may enter an order approving this Motion to Sell without further notice or hearing.

Any party interested in purchasing the property (an "Upset Bidder") should file a notice of an upset bid with the Bankruptcy Court, United States Trustee, and Chapter 7 Trustee (at the address listed below) within the time set by the 9013 notice (or by the Bankruptcy Clerk if filed under LBR 9075). The Upset Bidder shall submit to the undersigned Trustee an offer, in writing, in an amount equal to the Alternative Minimum Bid (defined below), and submit information demonstrating the financial wherewithal of the Upset Bidder to consummate the proposed transaction. The Trustee, in the Trustee's discretion, will determine if the Upset Bidder has submitted a qualified bid based on the terms of the bid, and the Upset Bidder's financial ability to consummate the proposed purchase at the Alternative Minimum Bid price. The deadlines set forth in this paragraph concerning objections to a proposed sale by an Upset Bidder supercede those provided in Fed. R. Bankr.P. 6004(b).

The Alternative Minimum Bid is $11,500.00.

If a qualified Alternative Minimum Bid is timely received by the Trustee, then the Trustee shall conduct a private auction at a time, place and manner that is determined by the Trustee. The Trustee will file a notice of the auction time and place with the court. The Trustee will select the bid, or combination of bids, at the conclusion of the auction that the Trustee believes to be the highest or best value for the Property (the "Winning Bidder"). The Trustee reserves the right to select the best bid, even if not the highest bid. The Winning Bidder must complete and sign all agreements or other documents with the Trustee evidencing and containing the terms and conditions on which the winning bid was made before the auction is concluded. In the event the Winning Bidder is different from the Buyer identified in this Motion to sell, the Trustee shall ascertain whether the

Winning Bidder is an insider of the debtor, whether the sale represents an arms-length transaction between the parties, made without fraud or collusion, and whether there has been any attempt by either party to take an unfair advantage of the other such that the Winning Bidder may be deem to be purchasing the property in good faith pursuant to 11 U.S.C. Section 363(m). The Trustee shall state these factual findings in any order approving the Motion to Sell that is submitted to the Court. The Court may, in its discretion, hold a separate hearing to make the findings required to approve the sale pursuant to Section 363(m).

If a bidder at the auction objects to the Trustee's selection of the Winning Bidder, then that bidder may submit a bid under protest at the auction and shall have standing to object to the Trustee's selection of the Winning Bidder. The Trustee shall notify the Court of the objection to the Trustee's selection of the Winning Bidder and the Court shall hold a hearing on the objection.

If for any reason the Winning Bidder fails to consummate the sale of the Property, the offeror of the second highest or best bid (subject to the same reservations) will automatically be deemed to have submitted the highest and best bid, and the Trustee is authorized to effect the sale of the Property to such offeror without further order from the bankruptcy court. If such failure to consummate the purchase of the Property is the fault of the Winning Bidder, the Winning Bidder's deposit, if any, shall be forfeited to the Trustee, and the Trustee specifically reserves the right to seek all available damages from the defaulting bidder.

The Trustee reserves the right to: (1) impose, at or before the auction, additional terms and conditions on a sale of the Property; (2) extend the deadlines from those set forth herein, adjourn the auction at the auction; (3) withdraw the Property, or any part of the Property, from sale at any time before or during the auction, and to make subsequent attempts to market the same; and (4) reject all bids if, in the Trustee's reasonable judgment, no bid is for a fair and adequate price.

It is anticipated that there is sufficient equity in the property to pay all 506(c) expenses.

WHEREFORE, the Trustee requests that the Court enter an Order, submitted by the Trustee, in the absence of any timely filed objection to the sale motion, which:

1. Authorizes the Trustee to sell the Property;

2. Approves the sale of the Property pursuant to 11 U.S.C. Section 363(b), (f), (h), (m) and Fed. R. Bankr. P. 6004;

3. Declares that this sale is subject to all liens against the real property located at 1610 Riggs Place, NW, Washington, DC 20009;

4. Declares that all other liens against the Property attach to the proceeds of the sale;

5. Approves the payment of sale proceeds to: (1) the costs of sale; (2) the satisfaction of liens in the Property in order of priority; (3) the satisfaction of any co-owner's interest; and (4) the satisfaction of the debtor's exemption in the property.

6. Waives the 10-day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h);

7. Authorizes the Trustee to execute any documents needed to affect this sale of Property, including execution of a confirmatory deed to Max Salas with the consent of Buyer;

8. And for such other relief as the Court may deem proper.

Respectfully submitted,

**LAW OFFICE OF MICHAEL GIGANDET**
**/s/ Michael Gigandet**

_____
Michael Gigandet, #011498
208 Centre St.
Pleasant View, TN 37146
615-746-4949
Fax: 615-746-4950
michael@mgigandet.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded by U. S. Mail, 1st class postage prepaid, to the U. S. Trustee's Office, 318 Customs House, 701 Broadway, Nashville, TN 37203, to the debtor(s), to the debtor's attorney and to all creditors and all interested parties, per the mailing matrix attached to and filed with the original of this document, on this the ——10th day of April, 2019.

**/s/ Michael Gigandet**

_____
Michael Gigandet, Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                           CASE NO. 18-02662-MH3-7
LEN SALAS,                                       CHAPTER 7
                                                 JUDGE MARIAN HARRISON

     Debtor.

## PROPOSED ORDER TO SELL PROPERTY

     Upon the notice and motion of Michael Gigandet, the Chapter 7 trustee, to sell any and all claims and interests of the bankruptcy estate or the Chapter 7 trustee to the certain real estate located at 1610 Riggs Place, NW, Washington, DC 20009, such legal and equitable interest in the real estate having been ruled as possessed by Max Salas pursuant to that certain *Memorandum Decision and Order Re Objection to Homestead Exemption* entered on September 25, 2018, in the bankruptcy case of Max Salas before the United States Bankruptcy Court for the District of the District of Columbia; Case No. 18-00260. Such claims and interests being sold include, but are not limited to, the Chapter 7 trustee's rights to pursue a cause of action against Max Salas under the trustee's avoidance powers pursuant to Bankruptcy Code Sections 544, 545, 547, 548, 549, or 553, notice having been given pursuant to LR 9013-1, and no objections filed thereto within the time required;

     It is therefore **ORDERED, ADJUDGED and DECREED** that the trustee's motion to sell  any and all claims and interests of the bankruptcy estate or the Chapter 7 trustee to the certain real estate located at 1610 Riggs Place, NW, Washington, DC 20009, such legal and equitable interest in the real estate having been ruled as possessed by Max Salas pursuant to that certain *Memorandum Decision and Order Re Objection to Homestead Exemption* entered on September 25, 2018, in the bankruptcy case of Max Salas before the United States Bankruptcy Court for the District of the District of Columbia; Case No. 18-00260. Such claims and interests being sold include, but are not limited to, the

Chapter 7 trustee's rights to pursue a cause of action against Max Salas under the trustee's avoidance powers pursuant to Bankruptcy Code Sections 544, 545, 547, 548, 549, or 553, free and clear of liens shall be and is hereby granted;

It is also **ORDERED, ADJUDGED and DECREED** the sale of the property pursuant to 11 U.S.C. Section 363(b), (f), (h), (m) and Fed. R. Bankr. P. 6004 is approved; and

It is further **ORDERED, ADJUDGED and DECREED** that all liens, if any, shall attach to the proceeds of the sale and that the 14-day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h) shall be and is hereby waived.

**ENTERED** this the _____ day of _____, 2019.

_____
U.S. BANKRUPTCY JUDGE

APPROVED FOR ENTRY:

**LAW OFFICE OF MICHAEL GIGANDET**

_____
Michael Gigandet, Trustee #011498
208 Centre St.
Pleasant View, Tenn. 37146
(615) 746-4949
Fax: 615-746-4950
michael@mgigandet.com

BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2284

Barclays Bank Delaware
General Correspondence
PO Box 8801
Wilmington, DE 19899-8801

BB AND T
PO BOX 1847
WILSON NC 27894-1847

BB&T, Bankruptcy Section
100-50-01-51
PO Box 1847
Wilson, NC 27894-1847

Best Buy Credit Services
Correspondence
PO Box 790441
Saint Louis, MO 63179-0441

DC OFC OF TAX & REVENUE
C/O NANCY L ALPER, ASST ATTY GENL
OFFICE OF ATTY GENL FOR
THE DISTRICT OF COLUMBIA
441 4TH ST NW STE 1010S
WASHINGTON DC 20001-2714

Denis Graham (Gray) Waldron +
NIARHOS & WALDRON, PLC
1106 18TH AVE S
NASHVILLE, TN 37212-2107

District of Columbia Office of Tax and Reven
Office of the Attorney General for DC
441 4th Street, N.W., Suite 1010S
Washington, DC 20001-2714

Estate of Michael Patrick McLoughlin
c/o Michael McLoughlin, Jr.
43576 Ridge Ct
Leonardtown, MD 20650-4503

Estate of Nina Brekelmans
c/o Nicolaas & Gail Brekelmans
PO Box 311
Mendham, NJ 07945-0311

Internal Revenue Service
Centralized Insolvency Office
PO Box 7346
Philadelphia, PA 19101-7346

Jeremiah McGuire
BROCK & SCOTT, PLLC
5050 Poplar Ave., Ste 1608
Memphis, TN 38157

Kendra C. Rowe Salas
1018 Vince Ct
Murfreesboro, TN 37128-6417

Lani D. Lester
BURCH, PORTER & JOHNSON, PLLC
130 N. court Ave.
Memphis, TN 38103

Law Office of Philip J. McNutt, PLLC
Attn: Philip J. McNutt
11921 Freedom Dr., Ste 584
Reston, VA 20190

Len Salas
1018 Vince Ct
Murfreesboro, TN 37128-6417

MARTHA JOHNSON
ESTATE OF MICHAEL MCLOUGHLIN
19026 RUSSELL RD
LEONARDTOWN MD 20650-7027

Max E Salas
1610 Riggs Pl NW
Washington, DC 20009-6417

Max Salas
c/o Phillip G. Young
6100 Tower Circle, Suite 200
Franklin, TN 37067-1465

MEGAN REED SELIBER +
US Trustee's Office
701 Broadway
Suite 318
Nashville, TN 37203-3966

Michael C. Forster
Forster Law Firm
2007 Vermont Ave NW
Washington, DC 20001-4029

Patrick M. Regan, Atty
Regan Zambri & Long, PLLC
1919 M St NW Ste 350
Washington, DC 20036-3513

Richard A. Bussey, Atty
Stein Mitchell Cipollone Beato & Missner
1100 Connecticut Ave NW Ste 1100
Washington, DC 20036-4107

ROBERT MCKEON
DEPUTY CHIEF COUNSEL
DC OFC OF TAX & REVENUE
1101 4TH ST SW
WASHINGTON DC 20024-4457

Select Portfolio Servicing
PO Box 65250
Salt Lake city, UT 84165-0250

Shapiro & Ingle, LLP
Attorney for Select Portfolio Servicing, Inc.
10130 Perimeter Pkwy, Ste 400
Charlotte, NC 28216

Shilpini Burris
BROCK & SCOTT, PLLC
6 Cadillac Dr., Ste 140
Brentwood, TN 37027

SunTrust Bank
1001 Semmes Ave.
Richard, Virginia 23222

SunTrust Mortgage, Inc
PO Box 27767
Bankruptcy Department RVW-3034
Richmond, VA 23261-7767

SunTrust Mortgage, Inc.
PO Box 26149
Richmond, VA 23260-6149

Taylor A. Cates, Esq.
BURCH, PORTER & JOHNSON, PLLC
130 N. Court Ave.
Memphis, TN 38103

TIMOTHY G. NIARHOS +
NIARHOS & WALDRON, PLC
1106 18TH AVE S
NASHVILLE, TN 37212-2107

U.S. Bank National Association, not in its i
Brock and Scott, PLLC
Shilpini Burris
6 Cadillac Dr. Suite 140
Brentwood, TN 37027-5080

US TRUSTEE +
OFFICE OF THE UNITED STATES TRUSTEE
701 BROADWAY STE 318
NASHVILLE, TN 37203-3966

Marian F. Harrison
US Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **IN RE:** ) | |
| ) | **CASE NO.   318-02662** |
| **LEN SALAS,** ) | |
| ) | **JUDGE MARIAN F. HARRISON** |
| **Debtor.** ) | |
| ) | **CHAPTER 7** |
| ) | |
| ) | |

_____

## ORDER
_____

This matter came before the Court on the Trustee's motion to sell, the objection of Creditors, Nicolaas J. Brekelmans and Gail Gregory Brekelmans, Co-personal Representatives of the Estate of Nina Brekelmans and Michael McLoughlin and Martha Johnson, Co-personal Representatives of the Estate of Michael Patrick McLoughlin (collectively "Estates Creditors"), and the objection of the U.S. Trustee, which was withdrawn at the end of the hearing.   Based on the oral findings on the record, which are incorporated in this Order:

**IT IS ORDERED** that the motion to sell any potential avoidance actions against Max Salas and/or his bankruptcy estate under 11 U.S.C. §§ 544, 545, 547, 548, 549, and 553, as related to the real property located at 1610 Riggs Place, NW, Washington, D.C., is **GRANTED**, and the Estates Creditors' objection to the sale is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Trustee shall draft a new notice of sale and file it with the Court. The new notice shall clearly state that the Trustee is selling any potential avoidance actions against Max Salas and/or his bankruptcy estate under 11 U.S.C. §§ 544, 545, 547, 548, 549, and 553, as related to the real property located at 1610 Riggs Place, NW, Washington, D.C.

**IT IS FURTHER ORDERED** that the Estates Creditors and the U.S. Trustee shall have until close of business on June 21, 2019, to provide the names, addresses, email addresses, and telephone numbers of any potential buyers.

**IT IS FURTHER ORDERED** that the Trustee shall provide the notice to all interested parties, the potential buyers that were identified by the Trustee, and the additional persons and/or entities, if any, provided by the Estates Creditors or the U.S. Trustee by June 28, 2019.

**IT IS FURTHER ORDERED** that any party interested in purchasing the property shall submit to the Trustee an offer, in writing, in an amount equal to or higher than $11,000, by close of business, on Tuesday, July 9, 2019.

**IT IS FURTHER ORDERED** that if no alternative bids are received, the Trustee shall notify the Court and submit an order approving the sale to Ron Salas for $10,000 in cash.

2

**IT IS FURTHER ORDERD** that if alternative bids are received, the Trustee shall conduct an auction on Tuesday, July 16, 2019, at 9:00 a.m., outside Courtroom 3, Customs House, 701 Broadway, Nashville, TN 37203, and report the results of the auction in open court that same date.

**IT IS SO ORDERED.**

**This Order was signed and entered electronically as indicated at the top of the first page.**

3

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

IN RE:                                          CASE NO. 18-02662-MH3-7
LEN SALAS,                                       CHAPTER 7
                                                 JUDGE MARIAN HARRISON

          Debtor.

### TRUSTEE'S SUPPLEMENTAL NOTICE OF AUCTION

Comes now Michael Gigandet, the duly appointed Chapter 7 trustee, and pursuant to the Court's order of June 12, 2019, reschedules the auction of estate assets as noted below:

**DESCRIPTION OF PROPERTY:**        Any potential avoidance actions against Max Salas and/or his bankruptcy estate under 11 U.S.C. Sections 544, 545, 547, 548, 549, and 553, as related to the real property located at 1610 Riggs Place, NW, Washington, D.C.

**DATE AND TIME:**        An offer in writing by close of business July 9, 2019 in an amount equal to or greater than $11,000.00. If alternative bids are received, the trustee will conduct an auction on Tuesday, July 16, 2019, at 9:00 a.m., outside Courtroom 3, Customs House, 701 Broadway, Nashville, TN 37203, and report the results of the auction in open court that same date.

**TYPE OF SALE:**        Public Auction

**TERMS OF SALE:**        Cash

**Liens:**        There are no liens on this asset.

ANY VALID AND PROPER LIEN WILL ATTACH TO THE PROCEEDS OF THE SALE. TRUSTEE WILL CONVEY TO BUYER BY APPROPRIATE INSTRUMENT, THE RIGHT, TITLE AND INTEREST THAT TRUSTEE HAS THE RIGHT TO CONVEY. PROCEEDS OF THE SALE WILL BE SUBJECT TO AGENT FEES AND EXPENSES, IF ANY, AND ATTORNEY FOR TRUSTEE FEES AND EXPENSES.

Debtor's Statutory Exemption: The debtor is not entitled to an exemption from the sale of the cause of action asset.

The trustee has verified with both the Internal Revenue Service and the Tennessee Dept. of Revenue that they have no secured tax liens against this debtor.

If for any reason the Winning Bidder fails to consummate the sale of the Property, the offeror of the second highest or best bid (subject to the same reservations) will automatically be deemed to have submitted the highest and best bid, and the Trustee is authorized to effect the sale of the Property to such offeror without further order from the bankruptcy court. If such failure to consummate the purchase of the Property is the fault of the Winning Bidder, the Winning Bidder's deposit, if any, shall be forfeited to the Trustee, and the Trustee specifically reserves the right to seek all available damages from the defaulting bidder.

The Trustee reserves the right to: (1) impose, at or before the auction, additional terms and conditions on a sale of the Property; (2) extend the deadlines from those set forth herein, adjourn the auction at the auction; (3) withdraw the Property, or any part of the Property, from sale at any time before or during the auction, and to make subsequent attempts to market the same; and (4) reject all bids if, in the Trustee's reasonable judgment, no bid is for a fair and adequate price.

Respectfully submitted,

**LAW OFFICE OF MICHAEL GIGANDET**

**/s/ Michael Gigandet**
_____

Michael Gigandet, #011498
Attorney for Trustee
208 Centre St.
Pleasant View, TN 37146
(615) 746-4949
Fax: (615) 746-4950
michael@mgigandet.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded by U. S. Mail, 1st class postage prepaid, to the U. S. Trustee's Office, 318 Customs House, 701 Broadway, Nashville, TN 37203, to the debtor's attorney and to all creditors and all interested parties, per the mailing matrix attached to and filed with the original of this document, and to select potential buyers known to the trustee as investors in bankruptcy assets, on this the 27th day of June, 2019.

**/s/ Michael Gigandet**
_____

Michael Gigandet, Trustee

IN RE:                               CASE NO. 18-02662-MH3-7
LEN SALAS,                        CHAPTER 7
                                              JUDGE MARIAN HARRISON

         Debtor.

## TRUSTEE'S NOTICE OF RESCHEDULED AUCTION

Comes now Michael Gigandet, the duly appointed Chapter 7 trustee and files this

his notice of the rescheduling of the auction sale in this matter from July 16, 2019 until

9:00 a.m., Tuesday, July 23, 2019 outside Courtroom 3, Customs House, 701 Broadway,

Nashville, TN 37203.

Respectfully submitted,

**LAW OFFICE OF MICHAEL GIGANDET**

**/s/ Michael Gigandet**

Michael Gigandet, #11498
208 Centre Street
Pleasant View, TN 37146
(615) 746-4949
Fax: 615-746-4950
michael@mgigandet.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on July 16, 2019.
Notice of the filing will be sent by operation of the Court's Electronic Filing System on the
electronic filing receipt. Parties may access this filing through the Court's electronic filing
system.

**/s/ Michael Gigandet**

Michael Gigandet, Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                        CASE NO. 18-02662-MH3-7
LEN SALAS,                                    CHAPTER 7
                                              JUDGE MARIAN HARRISON

      Debtor.

## TRUSTEE'S REPORT OF SALE

The trustee, Michael Gigandet, makes the following report of sale of the debtor's potential causes of action concerning the real estate located at 1610 Riggs Place, NW, Washington, D.C, in the above public auction on July 23, 2019. Notice of this sale was provided to all creditors and parties in interest by Trustee's Notice of Motion to Sell Property mailed on April 10, 2019, and a supplemental notice of auction was mailed on June 27, 2019. A notice of rescheduled auction was filed on July 16, 2019. By signature below, the trustee hereby certifies that the objections to the sale were overruled. The order authorizing the sale was entered on June 12, 2019.

The property sold for $156,000.00. The bill of sale is attached.

The debtor is not entitled to an exemption from the sale of this property.

Respectfully submitted,

**LAW OFFICE OF MICHAEL GIGANDET**
**/s/ Michael Gigandet**
_____
Michael Gigandet, Trustee #11498
208 Centre Street
Pleasant View, TN 37146
615-746-4949
Fax: 615-746-4950
michael@mgigandet.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Trustee's Report of Sale has been forwarded to the U. S. Trustee, 318 Customs House, 701 Broadway, Nashville, TN 37203, on this the 14th day of August, 2019.

**/s/Michael Gigandet**

_____

Michael Gigandet

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
at Nashville

In re:                                                    :

LEN SALAS                                  : Case No. 3:18-bk-02662
                                                             Chapter 7

                            Debtor              :
_____

SALE OF ESTATE PROPERTY
FREE AND CLEAR OF LIENS AND INTERESTS

        IN ACCORDANCE WITH the Trustee's Motion and Notice of Sale of Property dated
April 10, 2019, this Court's Order of June 12 , 2019 (D-179) approving bidding procedures and
the Trustee's sale, the Trustee's Supplemental Notice of Auction dated June 27, 2019 and the
Trustee's Notice of Rescheduled Auction dated July 16, 2019, the Trustee having conducted a
public auction sale of certain property of the Debtor's estate, on July 23, 2019,  upon notice to all
creditors and parties in interest, the Trustee having reported the results of the auction sale at a
hearing held herein on July 23, 2019, the Trustee hereby confirms the sale of property of the
above captioned estate, as follows:

        1. Property conveyed.  All of the Trustee's and the Len Salas Estate's right, title and
interest in and to each and every claim and recovery action to which the Trustee or this estate
may have, under the provisions of 11 U.S.C. §§ 544 through 553, as applicable, related to the
property located at 1610 Riggs Place, NW, Washington, DC ("the DC Property") .

        2. Purchaser. the Trustee hereby transfers and conveys all property rights and interests
conveyed hereby to the Estate of Michael Patrick McLoughlin and the Estate of Nina
Brekelmans, by and through their trustees and representatives, for and in consideration of the
total sum of $156,000, receipt of which is hereby acknowledged.

        3. The Property is conveyed free and clear of all interests, claims and rights of all
creditors and parties.

July 31, 2019                                 For the Seller:

                                                      MICHAEL GIGANDET, TRUSTEE

                                                      By: _____
                                                              Michael Gigandet

SIGNATURES CONTINUE ON NEXT PAGE

July 31, 2019

For the Purchaser:

THE ESTATE OF MICHAEL PATRICK
MCLOUGHLIN AND THE ESTATE OF NINA
BREKELMANS

By: _Philip J. McNutt_

    Philip J. McNutt, attorney for the Estate of
    Michael Patrick Mcloughlin and the Estate
    of Nina Brekelmans

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

In re:             §    Case No. 3:18-BK-02662
                   §
LEN SALAS           §
                   §
                   §
          Debtor       §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 11 of the United States Bankruptcy Code was filed on 04/18/2018. The case was converted to one under Chapter 7 on 12/26/2018. The undersigned trustee was appointed on 12/26/2018.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.      The trustee realized gross receipts of                $156,000.00

         Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | $0.00 |
| Administrative expenses | $29,230.57 |
| Bank service fees | $0.00 |
| Other Payments to creditors | $0.00 |
| Non-estate funds paid to 3rd Parties | $0.00 |
| Exemptions paid to the debtor | $0.00 |
| Other payments to the debtor | $0.00 |
| Leaving a balance on hand of[1] | $126,769.43 |

     The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011)

6. The deadline for filing non-governmental claims in this case was <u>06/03/2019</u> and the deadline for filing government claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is <u>$11,050.00</u>. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received <u>$0.00</u> as interim compensation and now requests the sum of <u>$11,050.00</u>, for a total compensation of <u>$11,050.00</u>[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of <u>$0.00</u>, and now requests reimbursement for expenses of <u>$0.00</u>, for total expenses of <u>$0.00</u>.

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: <u>01/13/2020</u>      By:    /s/ Michael Gigandet
                                     Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011)

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| | |
|---|---|
| Case No.: | 18-02662-MH3-7 |
| Case Name: | SALAS, LEN |
| For the Period Ending: | 1/13/2020 |

| | |
|---|---|
| Trustee Name: | Michael Gigandet |
| Date Filed (f) or Converted (c): | 12/26/2018 (c) |
| §341(a) Meeting Date: | 01/23/2019 |
| Claims Bar Date: | 06/03/2019 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Ref. #** | | | | | | |
| 1 | 1610 Riggs Pl NW Washington DC 20009-6417 | $0.00 | $0.00 | | $0.00 | FA |
| 2 | House Goods and FurnishingsTotal value: $3,390.00. Household Goods are held jointly with spouse. Debtor's survivorship interest in household goods has a minimal valu See attached Personal Property list | $701.00 | $0.00 | | $0.00 | FA |
| 3 | Clothing | $500.00 | $0.00 | | $0.00 | FA |
| 4 | Dog | $0.00 | $0.00 | | $0.00 | FA |
| 5 | Joint Checking account with Spouse Bank of America Account No. ending in 4559 | $1.00 | $0.00 | | $0.00 | FA |
| 6 | Cash | $0.00 | $0.00 | | $0.00 | FA |
| 7 | Wells Fargo IRA Account No. Ending in 6169 | $2,613.47 | $0.00 | | $0.00 | FA |
| 8 | Retirement Account Viacom Retirement Account Vested Balance as of December 31, 2017 $49,557.91 IRA Wells Fargo IRA Account No. Ending in 6169 $2,613.47 | $49,557.91 | $0.00 | | $0.00 | FA |
| 9 | Protective Life Insurance policy; term policy; $700,000.00 Death Benefit Wife $0.00 | $0.00 | $0.00 | | $0.00 | FA |
| 10 | Debtor's right to pursue fraudulent transfer action **(u)** | $0.00 | $156,000.00 | | $156,000.00 | FA |

**Asset Notes:**    This asset is based upon the debtor's interest in the real estate listed as asset 1.

TOTALS (Excluding unknown value)

| | | Gross Value of Remaining Assets |
|---|---|---|
| $53,373.38    $156,000.00 | $156,000.00 | $0.00 |

**Major Activities affecting case closing:**

| | |
|---|---|
| 07/18/2019 | Auction sale scheduled for next week. Successfully defended motion to sell in June 2-day hearing. |
| 05/29/2019 | Preparing for June hearing on objections to sell |
| 05/08/2019 | Exchanged e-mails w/debtor |

| Case No.: | 18-02662-MH3-7 | | | Trustee Name: | Michael Gigandet |
| Case Name: | SALAS, LEN | | | Date Filed (f) or Converted (c): | 12/26/2018 (c) |
| For the Period Ending: | 1/13/2020 | | | §341(a) Meeting Date: | 01/23/2019 |
| | | | | Claims Bar Date: | 06/03/2019 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

03/29/2019   Prepared pleadings recently to sell asset. Also prepared pleadings to employ special counsel. Sent e-mails to two attorneys today regarding status. Telephone conference with debtor's attorney.

03/19/2019   Exchanged e-mails with attorney for creditors who may serve as special counsel. Prepared pleadings to employ. Reviewed offer to buy. Continuing asset review.

**Initial Projected Date Of Final Report (TFR):**   04/30/2020        **Current Projected Date Of Final Report (TFR):**   04/30/2020

/s/ MICHAEL GIGANDET

MICHAEL GIGANDET

## CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No. | 18-02662-MH3-7 |
| Case Name: | SALAS, LEN |
| Primary Taxpayer ID #: | **-***4278 |
| Co-Debtor Taxpayer ID #: | |
| For Period Beginning: | 4/18/2018 |
| For Period Ending: | 1/13/2020 |

| | |
|---|---|
| Trustee Name: | Michael Gigandet |
| Bank Name: | PINNACLE BANK |
| Checking Acct #: | ******0182 |
| Account Title: | |
| Blanket bond (per case limit): | $720,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 07/29/2019 | (10) | Law Office of Philip J. McNutt, PLLC | Down payment on purchase of cause of action as per order to sell June 12, 2019 | 1241-000 | $10,000.00 | | $10,000.00 |
| 08/05/2019 | (10) | Law Office of Philip J. McNutt, PLLC | Balance due on purchase of cause of action as per order to sell June 12, 2019 | 1241-000 | $146,000.00 | | $156,000.00 |
| 09/30/2019 | 3001 | Eric L. Jones, JSH Accounting & Tax Services | Final compensation to accountant as per order of 09-27-19 | 3410-000 | | $375.00 | $155,625.00 |
| 09/30/2019 | 3002 | United States Treasury | Payment of estate taxes as per order of 09-27-19; Employer ID#: 35-7094278; 2018 form 1041 | 2810-000 | | $15,810.00 | $139,815.00 |
| 10/30/2019 | 3003 | Michael Gigandet | Final compensation and expenses to attorney for trustee as per order of 10-28-19 | * | | $12,864.57 | $126,950.43 |
| | | | fees                                    $(12,600.00) | 3110-000 | | | $126,950.43 |
| | | | expenses                                  $(264.57) | 3120-000 | | | $126,950.43 |
| 11/11/2019 | 3004 | U.S. Bankruptcy Court Clerk | Bill of costs for court fees for motion to sell | 2700-000 | | $181.00 | $126,769.43 |

| | | | |
|---|---|---|---|
| TOTALS: | $156,000.00 | $29,230.57 | $126,769.43 |
| Less: Bank transfers/CDs | $0.00 | $0.00 | |
| Subtotal | $156,000.00 | $29,230.57 | |
| Less: Payments to debtors | $0.00 | $0.00 | |
| Net | $156,000.00 | $29,230.57 | |

| For the period of 4/18/2018 to 1/13/2020 | | For the entire history of the account between 07/25/2019 to 1/13/2020 | |
|---|---|---|---|
| Total Compensable Receipts: | $156,000.00 | Total Compensable Receipts: | $156,000.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $156,000.00 | Total Comp/Non Comp Receipts: | $156,000.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $29,230.57 | Total Compensable Disbursements: | $29,230.57 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $29,230.57 | Total Comp/Non Comp Disbursements: | $29,230.57 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

## CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| **Case No.** | 18-02662-MH3-7 |
| **Case Name:** | SALAS, LEN |
| **Primary Taxpayer ID #:** | **-***4278 |
| **Co-Debtor Taxpayer ID #:** | |
| **For Period Beginning:** | 4/18/2018 |
| **For Period Ending:** | 1/13/2020 |

| | |
|---|---|
| **Trustee Name:** | Michael Gigandet |
| **Bank Name:** | PINNACLE BANK |
| **Checking Acct #:** | ******0182 |
| **Account Title:** | |
| **Blanket bond (per case limit):** | $720,000.00 |
| **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
| | | $156,000.00 | $29,230.57 | $126,769.43 |

**For the period of 4/18/2018 to 1/13/2020**

| | |
|---|---|
| Total Compensable Receipts: | $156,000.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $156,000.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $29,230.57 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $29,230.57 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the case between 12/26/2018 to 1/13/2020**

| | |
|---|---|
| Total Compensable Receipts: | $156,000.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $156,000.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $29,230.57 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $29,230.57 |
| Total Internal/Transfer Disbursements: | $0.00 |

/s/ MICHAEL GIGANDET

MICHAEL GIGANDET

| Case No. | 18-02662-MH3-7 | | Trustee Name: | Michael Gigandet |
| Case Name: | SALAS, LEN | | Date: | 1/13/2020 |
| Claims Bar Date: | 06/03/2019 | | | |

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | MICHAEL GIGANDET<br><br>208 Centre St.<br>Pleasant View TN 37146 | 11/11/2019 | Trustee Compensation | Allowed | 2100-000 | $0.00 | $11,050.00 | $11,050.00 | $0.00 | $0.00 | $0.00 | $11,050.00 |
| 1 | BB&T, BANKRUPTCY SECTION<br>PO BOX 1847<br>100-50-01-51<br>Wilson NC 27894 | 04/25/2018 | General Unsecured § 726(a)(2) | Allowed | 7100-000 | $0.00 | $14,256.43 | $14,256.43 | $0.00 | $0.00 | $0.00 | $14,256.43 |
| **Claim Notes:** | Allow as unsecured | | | | | | | | | | | |
| 2P | INTERNAL REVENUE SERVICE<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia PA 19101-7346 | 05/09/2018 | Claims of Governmental Units | Amended | 5800-000 | $0.00 | $5,023.54 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Claim Notes:** | Disallowed, amended by claim 2PA | | | | | | | | | | | |
| 2U | INTERNAL REVENUE SERVICE<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia PA 19101-7346 | 05/09/2018 | General Unsecured § 726(a)(2) | Amended | 7100-000 | $0.00 | $94.46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Claim Notes:** | Disallowed, amended by claim 2UA | | | | | | | | | | | |
| 2PA | INTERNAL REVENUE SERVICE<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia PA 19101-7346 | 05/09/2018 | Claims of Governmental Units | Allowed | 5800-000 | $0.00 | $5,025.53 | $5,025.53 | $0.00 | $0.00 | $0.00 | $5,025.53 |
| **Claim Notes:** | Allow as priority | | | | | | | | | | | |
| 2UA | INTERNAL REVENUE SERVICE<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia PA 19101-7346 | 05/09/2018 | General Unsecured § 726(a)(2) | Allowed | 7100-000 | $0.00 | $118.63 | $118.63 | $0.00 | $0.00 | $0.00 | $118.63 |
| **Claim Notes:** | Allow as unsecured | | | | | | | | | | | |

**Case No.** 18-02662-MH3-7     **Trustee Name:** Michael Gigandet
**Case Name:** SALAS, LEN     **Date:** 1/13/2020
**Claims Bar Date:** 06/03/2019

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | BANK OF AMERICA, N.A. P O Box 15102 Wilmington DE 19886-5102 | 06/20/2018 | General Unsecured § 726(a)(2) | Allowed | 7100-000 | $0.00 | $1,904.75 | $1,904.75 | $0.00 | $0.00 | $0.00 | $1,904.75 |
| **Claim Notes:** | Allow as unsecured | | | | | | | | | | | |
| 4 | SUNTRUST MORTGAGE, INC PO Box 27767 Bankruptcy Department RVW-3034 Richmond VA 23261 | 06/29/2018 | Real Estate- -Consensual Liens (mortgages, deeds of trust, PMSI) | Disallowed | 4110-000 | $0.00 | $1,103,716.89 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Claim Notes:** | Disallow as secured | | | | | | | | | | | |
| 5 | ESTATE OF MICHAEL PATRICK MCLOUGHLIN c/o Philip J. McNutt 11921 Freedom Dr., Ste 584 Reston VA 20190 | 08/07/2018 | General Unsecured § 726(a)(2) | Allowed | 7100-000 | $0.00 | $7,700,000.00 | $7,700,000.00 | $0.00 | $0.00 | $0.00 | $7,700,000.00 |
| **Claim Notes:** | Allow as unsecured | | | | | | | | | | | |
| 6 | ESTATE OF NINA BREKELMANS c/o Philip J. McNutt 11921 Freedom Dr., Ste 584 Reston VA 20190 | 08/07/2018 | General Unsecured § 726(a)(2) | Allowed | 7100-000 | $0.00 | $7,500,000.00 | $7,500,000.00 | $0.00 | $0.00 | $0.00 | $7,500,000.00 |
| **Claim Notes:** | Allow as unsecured | | | | | | | | | | | |
| 7 | IDA WILLIAMS, RECORDER OF DEEDS 1101 4th St. SW Suite 500 WASHINGTON DC 20024 | 12/06/2018 | Real Estate- -Consensual Liens (mortgages, deeds of trust, PMSI) | Disallowed | 4110-000 | $0.00 | $24,671.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Claim Notes:** | Disallow as secured | | | | | | | | | | | |

| Case No. | 18-02662-MH3-7 | Trustee Name: | Michael Gigandet |
|---|---|---|---|
| Case Name: | SALAS, LEN | Date: | 1/13/2020 |
| Claims Bar Date: | 06/03/2019 | | |

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | OFFICE OF THE UNITED STATES TRUSTEE 701 Broadway, Suite 318 Nashville TN 37203 | 02/15/2019 | U.S. Trustee Quarterly Fees | Allowed | 2950-000 | $0.00 | $650.00 | $650.00 | $0.00 | $0.00 | $0.00 | $650.00 |
| **Claim Notes:** Allow as administrative | | | | | | | | | | | | |
| 9 | FORSTER LAW FIRM PLLC MICHAEL FORSTER 2007 VERMONT AVENUE NW WASHINGTON DC 20001 | 03/25/2019 | General Unsecured § 726(a)(2) | Disallowed | 7100-000 | $0.00 | $14,074.88 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Claim Notes:** Disallow, duplicated by claim no. 10 | | | | | | | | | | | | |
| 10 | FORSTER LAW FIRM, PLLC 2007 Vermont Avenue NW 1441 W St NW Washington DC 20001 | 04/01/2019 | General Unsecured § 726(a)(2) | Allowed | 7100-000 | $0.00 | $14,074.88 | $14,074.88 | $0.00 | $0.00 | $0.00 | $14,074.88 |
| **Claim Notes:** Allow as unsecured | | | | | | | | | | | | |
| 11 | NIARHOS LAW GROUP, PLC 1106 18th Ave S Nashville TN 37212 | 07/29/2019 | Other Prior Chapter Administrative Expenses | Allowed | 6990-000 | $0.00 | $5,938.37 | $5,938.37 | $0.00 | $0.00 | $0.00 | $5,938.37 |
| **Claim Notes:** Allow as prior chapter administrative claim | | | | | | | | | | | | |
| | | | | | | **$16,400,599.36** | **$15,253,018.59** | **$0.00** | **$0.00** | | **$0.00** | **15,253,018.59** |

| | |
|---|---|
| **Case No.** | 18-02662-MH3-7 |
| **Case Name:** | SALAS, LEN |
| **Claims Bar Date:** | 06/03/2019 |

| | |
|---|---|
| **Trustee Name:** | Michael Gigandet |
| **Date:** | 1/13/2020 |

**CLAIM CLASS SUMMARY TOTALS**

| Claim Class | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|
| Claims of Governmental Units | $10,049.07 | $5,025.53 | $0.00 | $0.00 | $0.00 | $5,025.53 |
| General Unsecured § 726(a)(2) | $15,244,524.03 | $15,230,354.69 | $0.00 | $0.00 | $0.00 | $15,230,354.69 |
| Other Prior Chapter Administrative Expenses | $5,938.37 | $5,938.37 | $0.00 | $0.00 | $0.00 | $5,938.37 |
| Real Estate--Consensual Liens (mortgages, deeds of trust, PMSI) | $1,128,387.89 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Trustee Compensation | $11,050.00 | $11,050.00 | $0.00 | $0.00 | $0.00 | $11,050.00 |
| U.S. Trustee Quarterly Fees | $650.00 | $650.00 | $0.00 | $0.00 | $0.00 | $650.00 |

32

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No.: 3:18-BK-02662
Case Name: LEN SALAS
Trustee Name: Michael Gigandet

Balance on hand: _____ $126,769.43

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors: _____ $0.00
Remaining balance: _____ $126,769.43

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Michael Gigandet, Trustee Fees | $11,050.00 | $0.00 | $11,050.00 |
| fees, Attorney for Trustee Fees | $12,600.00 | $12,600.00 | $0.00 |
| expenses, Attorney for Trustee Expenses | $264.57 | $264.57 | $0.00 |
| Eric L. Jones, JSH Accounting & Tax Services, Accountant for Trustee Fees | $375.00 | $375.00 | $0.00 |
| U.S. Bankruptcy Court Clerk, Clerk of the Court Costs | $181.00 | $181.00 | $0.00 |
| Office of the United States Trustee, U.S. Trustee Quarterly Fees | $650.00 | $0.00 | $650.00 |

Total to be paid for chapter 7 administrative expenses: _____ $11,700.00
Remaining balance: _____ $115,069.43

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Other: Niarhos Law Group, PLC, Other Prior Chapter Administrative Expenses | $5,938.37 | $0.00 | $5,938.37 |

Total to be paid to prior chapter administrative expenses: _____ $5,938.37
Remaining balance: _____ $109,131.06

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $5,025.53 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2PA | Internal Revenue Service | $5,025.53 | $0.00 | $5,025.53 |

Total to be paid to priority claims: $5,025.53
Remaining balance: $104,105.53

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $15,230,354.69 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.7 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | BB&T, Bankruptcy Section | $14,256.43 | $0.00 | $97.45 |
| 2U | Internal Revenue Service | $0.00 | $0.00 | $0.00 |
| 2UA | Internal Revenue Service | $118.63 | $0.00 | $0.81 |
| 3 | Bank of America, N.A. | $1,904.75 | $0.00 | $13.02 |
| 5 | Estate of Michael Patrick McLoughlin | $7,700,000.00 | $0.00 | $52,632.56 |
| 6 | Estate of Nina Brekelmans | $7,500,000.00 | $0.00 | $51,265.48 |
| 10 | Forster Law Firm, PLLC | $14,074.88 | $0.00 | $96.21 |

Total to be paid to timely general unsecured claims: $104,105.53
Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

|  |  |
|---|---|
| Total to be paid to tardily filed general unsecured claims: | $0.00 |
| Remaining balance: | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

|  |  |
|---|---|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $0.00 |

| In re: | § | Case No. 3:18-BK-02662 |
|---|---|---|
| | § | |
| LEN SALAS | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---:|
| *The Final Report shows receipts of* | $156,000.00 |
| *and approved disbursements of* | $29,230.57 |
| *leaving a balance on hand of[1]:* | $126,769.43 |

Claims of secured creditors will be paid as follows: NONE

| | |
|---|---:|
| Total to be paid to secured creditors: | $0.00 |
| Remaining balance: | $126,769.43 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Michael Gigandet, Trustee Fees | $11,050.00 | $0.00 | $11,050.00 |
| fees, Attorney for Trustee Fees | $12,600.00 | $12,600.00 | $0.00 |
| expenses, Attorney for Trustee Expenses | $264.57 | $264.57 | $0.00 |
| Eric L. Jones, JSH Accounting & Tax Services, Accountant for Trustee Fees | $375.00 | $375.00 | $0.00 |
| U.S. Bankruptcy Court Clerk, Clerk of the Court Costs | $181.00 | $181.00 | $0.00 |
| Office of the United States Trustee, U.S. Trustee Quarterly Fees | $650.00 | $0.00 | $650.00 |

| | |
|---|---:|
| Total to be paid for chapter 7 administrative expenses: | $11,700.00 |
| Remaining balance: | $115,069.43 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of disbursement of the additional interest.

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Other: Niarhos Law Group, PLC, Other Prior Chapter Administrative Expenses | $5,938.37 | $0.00 | $5,938.37 |

Total to be paid to prior chapter administrative expenses: $5,938.37
Remaining balance: $109,131.06

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $5,025.53 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2PA | Internal Revenue Service | $5,025.53 | $0.00 | $5,025.53 |

Total to be paid to priority claims: $5,025.53
Remaining balance: $104,105.53

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $15,230,354.69 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.7 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | BB&T, Bankruptcy Section | $14,256.43 | $0.00 | $97.45 |
| 2U | Internal Revenue Service | $0.00 | $0.00 | $0.00 |
| 2UA | Internal Revenue Service | $118.63 | $0.00 | $0.81 |

| | | | | |
|---|---|---|---|---|
| 3 | Bank of America, N.A. | $1,904.75 | $0.00 | $13.02 |
| 5 | Estate of Michael Patrick McLoughlin | $7,700,000.00 | $0.00 | $52,632.56 |
| 6 | Estate of Nina Brekelmans | $7,500,000.00 | $0.00 | $51,265.48 |
| 10 | Forster Law Firm, PLLC | $14,074.88 | $0.00 | $96.21 |

Total to be paid to timely general unsecured claims:     $104,105.53
Remaining balance:     $0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

Total to be paid to tardily filed general unsecured claims:     $0.00
Remaining balance:     $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

Total to be paid for subordinated claims:     $0.00
Remaining balance:     $0.00

Prepared By:   /s/ Michael Gigandet
Trustee

Michael Gigandet
208 Centre St.
Pleasant View, TN 37146

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

| | | |
|---|---|---|
| In re: | § | Case No. 3:18-BK-02662 |
| | § | |
| LEN SALAS | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

**CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT
CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED
AND APPLICATION TO BE DISCHARGED (TDR)**

Michael Gigandet, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1)　　All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2)　　A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | | | |
|---|---|---|---|
| Assets Abandoned: *(without deducting any secured claims)* | $47,446.44 | Assets Exempt: | $5,926.94 |
| Total Distributions to Claimants: | $109,131.06 | Claims Discharged Without Payment: | $15,132,143.60 |
| Total Expenses of Administration: | $46,868.94 | | |

3)　　Total gross receipts of $156,000.00 (see **Exhibit 1**), minus funds paid to the debtor(s) and third parties of $0.00 (see **Exhibit 2**), yielded net receipts of $156,000.00 from the liquidation of the property of the estate, which was distributed as follows:

|  | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| Secured Claims (from **Exhibit 3**) | $16,068,754.73 | $1,128,387.89 | $0.00 | $0.00 |
| Priority Claims: | | | | |
| Chapter 7 Admin. Fees and Charges (from **Exhibit 4**) | NA | $40,930.57 | $40,930.57 | $40,930.57 |
| Prior Chapter Admin. Fees and Charges (from **Exhibit 5**) | NA | $5,938.37 | $5,938.37 | $5,938.37 |
| Priority Unsecured Claims (From **Exhibit 6**) | $5,356.98 | $10,049.07 | $5,025.53 | $5,025.53 |
| General Unsecured Claims (from **Exhibit 7**) | $33,683.70 | $15,244,524.03 | $15,230,354.69 | $104,105.53 |
| **Total Disbursements** | $16,107,795.41 | $16,429,829.93 | $15,282,249.16 | $156,000.00 |

4). This case was originally filed under chapter 11 on 04/18/2018. The case was converted to one under Chapter 7 on 12/26/2018. The case was pending for 22 months.

5). All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6). An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**. The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated: <u>10/07/2020</u>          By:   <u>/s/ Michael Gigandet</u>
                                          Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**EXHIBIT 1 – GROSS RECEIPTS**

| DESCRIPTION | UNIFORM TRAN. CODE | AMOUNT RECEIVED |
|---|---|---|
| Debtor's right to pursue fraudulent transfer action | 1241-000 | $156,000.00 |
| **TOTAL GROSS RECEIPTS** | | $156,000.00 |

The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

**EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES**
NONE

**EXHIBIT 3 – SECURED CLAIMS**

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 4 | SunTrust Mortgage, Inc | 4110-000 | $868,754.73 | $1,103,716.89 | $0.00 | $0.00 |
| 7 | Ida Williams, Recorder of Deeds | 4110-000 | $0.00 | $24,671.00 | $0.00 | $0.00 |
| | Estate of Nina Brekelmans | 4110-000 | $7,500,000.00 | $0.00 | $0.00 | $0.00 |
| | Estate of Michael Patrick McLoughlin | 4110-000 | $7,700,000.00 | $0.00 | $0.00 | $0.00 |
| **TOTAL SECURED CLAIMS** | | | $16,068,754.73 | $1,128,387.89 | $0.00 | $0.00 |

**EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES and CHARGES**

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| Michael Gigandet, Trustee | 2100-000 | NA | $11,050.00 | $11,050.00 | $11,050.00 |
| Pinnacle Bank | 2600-000 | NA | $0.00 | $0.00 | $0.00 |
| U.S. Bankruptcy Court Clerk | 2700-000 | NA | $181.00 | $181.00 | $181.00 |
| United States Treasury | 2810-000 | NA | $15,810.00 | $15,810.00 | $15,810.00 |
| Office of the United States Trustee | 2950-000 | NA | $650.00 | $650.00 | $650.00 |
| fees, Attorney for Trustee | 3110-000 | NA | $12,600.00 | $12,600.00 | $12,600.00 |
| expenses, Attorney for Trustee | 3120-000 | NA | $264.57 | $264.57 | $264.57 |
| Eric L. Jones, JSH Accounting & Tax Services, Accountant | 3410-000 | NA | $375.00 | $375.00 | $375.00 |

| | | | | |
|---|---|---|---|---|
| for Trustee | | | | |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | NA | $40,930.57 | $40,930.57 | $40,930.57 |

### EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| Niarhos Law Group, PLC, Other Prior Chapter Administrative | 6990-000 | NA | $5,938.37 | $5,938.37 | $5,938.37 |
| **TOTAL PRIOR CHAPTER ADMIN. FEES AND CHARGES** | | NA | $5,938.37 | $5,938.37 | $5,938.37 |

### EXHIBIT 6 – PRIORITY UNSECURED CLAIMS

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 2P | Internal Revenue Service | 5800-000 | $0.00 | $5,023.54 | $0.00 | $0.00 |
| 2PA | Internal Revenue Service | 5800-000 | $5,356.98 | $5,025.53 | $5,025.53 | $5,025.53 |
| **TOTAL PRIORITY UNSECURED CLAIMS** | | | $5,356.98 | $10,049.07 | $5,025.53 | $5,025.53 |

### EXHIBIT 7 – GENERAL UNSECURED CLAIMS

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 1 | BB&T, Bankruptcy Section | 7100-000 | $13,714.38 | $14,256.43 | $14,256.43 | $97.45 |
| 2U | Internal Revenue Service | 7100-000 | $0.00 | $94.46 | $0.00 | $0.00 |
| 2UA | Internal Revenue Service | 7100-000 | $0.00 | $118.63 | $118.63 | $0.81 |
| 3 | Bank of America, N.A. | 7100-000 | $0.00 | $1,904.75 | $1,904.75 | $13.02 |
| 5 | Estate of Michael Patrick McLoughlin | 7100-000 | $0.00 | $7,700,000.00 | $7,700,000.00 | $52,632.56 |
| 6 | Estate of Nina Brekelmans | 7100-000 | $0.00 | $7,500,000.00 | $7,500,000.00 | $51,265.48 |
| 9 | FORSTER LAW FIRM PLLC | 7100-000 | $14,074.88 | $14,074.88 | $0.00 | $0.00 |
| 10 | Forster Law Firm, PLLC | 7100-000 | $0.00 | $14,074.88 | $14,074.88 | $96.21 |
| | Bank of America | 7100-000 | $1,920.98 | $0.00 | $0.00 | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| Barclays Bank Delaware | 7100-000 | $3,395.99 | $0.00 | $0.00 | $0.00 |
| Best Buy Credit Services | 7100-000 | $577.47 | $0.00 | $0.00 | $0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | $33,683.70 | $15,244,524.03 | $15,230,354.69 | $104,105.53 |

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

| | |
|---|---|
| **Case No.:** _18-02662-MH3-7_ | **Trustee Name:** _Michael Gigandet_ |
| **Case Name:** _SALAS, LEN_ | **Date Filed (f) or Converted (c):** _12/26/2018 (c)_ |
| **For the Period Ending:** _10/7/2020_ | **§341(a) Meeting Date:** _01/23/2019_ |
| | **Claims Bar Date:** _06/03/2019_ |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| **Ref. #** | | | | | | |
| 1 | 1610 Riggs Pl NW Washington DC 20009-6417 | $0.00 | $0.00 | | $0.00 | FA |
| 2 | House Goods and FurnishingsTotal value: $3,390.00. Household Goods are held jointly with spouse. Debtor's survivorship interest in household goods has a minimal valu See attached Personal Property list | $701.00 | $0.00 | | $0.00 | FA |
| 3 | Clothing | $500.00 | $0.00 | | $0.00 | FA |
| 4 | Dog | $0.00 | $0.00 | | $0.00 | FA |
| 5 | Joint Checking account with Spouse Bank of America Account No. ending in 4559 | $1.00 | $0.00 | | $0.00 | FA |
| 6 | Cash | $0.00 | $0.00 | | $0.00 | FA |
| 7 | Wells Fargo IRA Account No. Ending in 6169 | $2,613.47 | $0.00 | | $0.00 | FA |
| 8 | Retirement Account Viacom Retirement Account Vested Balance as of December 31, 2017 $49,557.91 IRA Wells Fargo IRA Account No. Ending in 6169 $2,613.47 | $49,557.91 | $0.00 | | $0.00 | FA |
| 9 | Protective Life Insurance policy; term policy; $700,000.00 Death Benefit Wife $0.00 | $0.00 | $0.00 | | $0.00 | FA |
| 10 | Debtor's right to pursue fraudulent transfer action **(u)** | $0.00 | $156,000.00 | | $156,000.00 | FA |
| **Asset Notes:** | This asset is based upon the debtor's interest in the real estate listed as asset 1. | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **TOTALS (Excluding unknown value)** | | | | | **Gross Value of Remaining Assets** |
| | $53,373.38 | $156,000.00 | | $156,000.00 | $0.00 |

**Major Activities affecting case closing:**

07/18/2019 Auction sale scheduled for next week. Successfully defended motion to sell in June 2-day hearing.

05/29/2019 Preparing for June hearing on objections to sell

05/08/2019 Exchanged e-mails on scheduled auction the transfers.

| Case No.: | 18-02662-MH3-7 | | | Trustee Name: | Michael Gigandet |
| Case Name: | SALAS, LEN | | | Date Filed (f) or Converted (c): | 12/26/2018 (c) |
| For the Period Ending: | 10/7/2020 | | | §341(a) Meeting Date: | 01/23/2019 |
| | | | | Claims Bar Date: | 06/03/2019 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

03/29/2019    Prepared pleadings recently to sell asset. Also prepared pleadings to employ special counsel. Sent e-mails to two attorneys today regarding status. Telephone conference with debtor's attorney.

03/19/2019    Exchanged e-mails with attorney for creditors who may serve as special counsel. Prepared pleadings to employ. Reviewed offer to buy. Continuing asset review.

| **Initial Projected Date Of Final Report (TFR):** | 04/30/2020 | **Current Projected Date Of Final Report (TFR):** | 04/30/2020 | /s/ MICHAEL GIGANDET |
| | | | | MICHAEL GIGANDET |

# CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No. | 18-02662-MH3-7 |
| Case Name: | SALAS, LEN |
| Primary Taxpayer ID #: | **-***4278 |
| Co-Debtor Taxpayer ID #: | |
| For Period Beginning: | 4/18/2018 |
| For Period Ending: | 10/7/2020 |

| | |
|---|---|
| Trustee Name: | Michael Gigandet |
| Bank Name: | PINNACLE BANK |
| Checking Acct #: | ******0182 |
| Account Title: | |
| Blanket bond (per case limit): | $720,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 07/29/2019 | (10) | Law Office of Philip J. McNutt, PLLC | Down payment on purchase of cause of action as per order to sell June 12, 2019 | 1241-000 | $10,000.00 | | $10,000.00 |
| 08/05/2019 | (10) | Law Office of Philip J. McNutt, PLLC | Balance due on purchase of cause of action as per order to sell June 12, 2019 | 1241-000 | $146,000.00 | | $156,000.00 |
| 09/30/2019 | 3001 | Eric L. Jones, JSH Accounting & Tax Services | Final compensation to accountant as per order of 09-27-19 | 3410-000 | | $375.00 | $155,625.00 |
| 09/30/2019 | 3002 | United States Treasury | Payment of estate taxes as per order of 09-27-19; Employer ID#: 35-7094278; 2018 form 1041 | 2810-000 | | $15,810.00 | $139,815.00 |
| 10/30/2019 | 3003 | Michael Gigandet | Final compensation and expenses to attorney for trustee as per order of 10-28-19 | * | | $12,864.57 | $126,950.43 |
| | | | fees                                    $(12,600.00) | 3110-000 | | | $126,950.43 |
| | | | expenses                                  $(264.57) | 3120-000 | | | $126,950.43 |
| 11/11/2019 | 3004 | U.S. Bankruptcy Court Clerk | Bill of costs for court fees for motion to sell | 2700-000 | | $181.00 | $126,769.43 |
| 03/18/2020 | 3005 | Michael Gigandet | Trustee Compensation | 2100-000 | | $11,050.00 | $115,719.43 |
| 03/18/2020 | 3006 | BB&T, Bankruptcy Section | Claim #: 1; Notes: Allow as unsecured; Amount Claimed: 14,256.43; Amount Allowed: 14,256.43; Dividend: 0.07; Distribution Dividend: 0.68; | 7100-000 | | $97.45 | $115,621.98 |
| 03/18/2020 | 3007 | Internal Revenue Service | Claim #: 2; Notes: Allow as priority; Amount Claimed: 5,025.53; Amount Allowed: 5,025.53; Dividend: 3.96; Distribution Dividend: 100.00; | 5800-000 | | $5,025.53 | $110,596.45 |
| 03/18/2020 | 3008 | Internal Revenue Service | Claim #: 2; Notes: Allow as priority; Amount Claimed: 5,025.53; Amount Allowed: 5,025.53; Dividend: 3.96; Distribution Dividend: 100.00; | 7100-000 | | $0.81 | $110,595.64 |
| 03/18/2020 | 3009 | Bank of America, N.A. | Claim #: 3; Notes: Allow as unsecured; Amount Claimed: 1,904.75; Amount Allowed: 1,904.75; Dividend: 0.01; Distribution Dividend: 0.68; | 7100-000 | | $13.02 | $110,582.62 |
| 03/18/2020 | 3010 | Estate of Michael Patrick McLoughlin | Claim #: 5; Notes: Allow as unsecured; Amount Claimed: 7,700,000.00; Amount Allowed: 7,700,000.00; Dividend: 41.51; Distribution Dividend: 0.68; | 7100-000 | | $52,632.56 | $57,950.06 |
| | | | | | | SUBTOTALS    $156,000.00 | $98,049.94 |

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No. | 18-02662-MH3-7 |
| Case Name: | SALAS, LEN |
| Primary Taxpayer ID #: | **-***4278 |
| Co-Debtor Taxpayer ID #: | |
| For Period Beginning: | 4/18/2018 |
| For Period Ending: | 10/7/2020 |

| | |
|---|---|
| Trustee Name: | Michael Gigandet |
| Bank Name: | PINNACLE BANK |
| Checking Acct #: | ******0182 |
| Account Title: | |
| Blanket bond (per case limit): | $720,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 03/18/2020 | 3011 | Estate of Nina Brekelmans | Claim #: 6; Notes: Allow as unsecured; Amount Claimed: 7,500,000.00; Amount Allowed: 7,500,000.00; Dividend: 40.43; Distribution Dividend: 0.68; | 7100-000 | | $51,265.48 | $6,684.58 |
| 03/18/2020 | 3012 | Office of the United States Trustee | Claim #: 8; Notes: Allow as administrative; Amount Claimed: 650.00; Amount Allowed: 650.00; Dividend: 0.51; Distribution Dividend: 100.00; | 2950-000 | | $650.00 | $6,034.58 |
| 03/18/2020 | 3013 | Forster Law Firm, PLLC | Claim #: 10; Notes: Allow as unsecured; Amount Claimed: 14,074.88; Amount Allowed: 14,074.88; Dividend: 0.07; Distribution Dividend: 0.68; | 7100-000 | | $96.21 | $5,938.37 |
| 03/18/2020 | 3014 | Niarhos Law Group, PLC | Claim #: 11; Notes: Allow as prior chapter administrative claim; Amount Claimed: 5,938.37; Amount Allowed: 5,938.37; Dividend: 4.68; Distribution Dividend: 100.00; | 6990-000 | | $5,938.37 | $0.00 |
| 04/15/2020 | 3010 | VOID: Estate of Michael Patrick McLoughlin | | 7100-003 | | ($52,632.56) | $52,632.56 |
| 04/15/2020 | 3015 | Michael McLoughlin | Claim #: 5; Notes: Allow as unsecured; Amount Claimed: 7,700,000.00; Amount Allowed: 7,700,000.00; Dividend: 41.51; Distribution Dividend: 0.68; | 7100-000 | | $52,632.56 | $0.00 |
| 07/08/2020 | 3007 | STOP PAYMENT: Internal Revenue Service | Claim #: 2; Notes: Allow as priority; Amount Claimed: 5,025.53; Amount Allowed: 5,025.53; Dividend: 3.96; Distribution Dividend: 100.00; | 5800-004 | | ($5,025.53) | $5,025.53 |
| 07/08/2020 | 3008 | STOP PAYMENT: Internal Revenue Service | Claim #: 2; Notes: Allow as priority; Amount Claimed: 5,025.53; Amount Allowed: 5,025.53; Dividend: 3.96; Distribution Dividend: 100.00; | 7100-004 | | ($0.81) | $5,026.34 |
| 07/08/2020 | 3016 | Internal Revenue Service | Claim #: 2; Notes: Allow as priority; Amount Claimed: 5,025.53; Amount Allowed: 5,025.53; Dividend: 3.96; Distribution Dividend: 100.00; | 5800-000 | | $5,025.53 | $0.81 |
| 07/08/2020 | 3017 | Internal Revenue Service | Claim #: 2; Notes: Allow as priority; Amount Claimed: 5,025.53; Amount Allowed: 5,025.53; Dividend: 3.96; Distribution Dividend: 100.00; | 7100-000 | | $0.81 | $0.00 |
| 07/31/2020 | | Pinnacle Bank | Service Charge | 2600-000 | | $99.33 | ($99.33) |
| 08/03/2020 | | Pinnacle Bank | Service Charge | 2600-000 | | ($99.33) | $0.00 |
| | | | SUBTOTALS | | $0.00 | $57,950.06 | |

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No. | 18-02662-MH3-7 |
| Case Name: | SALAS, LEN |
| Primary Taxpayer ID #: | **-***4278 |
| Co-Debtor Taxpayer ID #: | |
| For Period Beginning: | 4/18/2018 |
| For Period Ending: | 10/7/2020 |

| | |
|---|---|
| Trustee Name: | Michael Gigandet |
| Bank Name: | PINNACLE BANK |
| Checking Acct #: | ******0182 |
| Account Title: | |
| Blanket bond (per case limit): | $720,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 08/03/2020 | | Pinnacle Bank | Service Charge | 2600-000 | | $8.16 | ($8.16) |
| 08/04/2020 | | Pinnacle bank | Reverse bank fee | 2600-000 | | ($8.16) | $0.00 |
| 08/10/2020 | 3012 | STOP PAYMENT: Office of the United States Trustee | Claim #: 8; Notes: Allow as administrative; Amount Claimed: 650.00; Amount Allowed: 650.00; Dividend: 0.51; Distribution Dividend: 100.00; | 2950-004 | | ($650.00) | $650.00 |
| 08/10/2020 | 3018 | Office of the United States Trustee | Claim #: 8; Notes: Allow as administrative; Amount Claimed: 650.00; Amount Allowed: 650.00; Dividend: 0.51; Distribution Dividend: 100.00; | 2950-000 | | $650.00 | $0.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | **TOTALS:** | | $156,000.00 | $156,000.00 | $0.00 |
| | | | **Less: Bank transfers/CDs** | | $0.00 | $0.00 | |
| | | | Subtotal | | $156,000.00 | $156,000.00 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | Net | | $156,000.00 | $156,000.00 | |

| For the period of 4/18/2018 to 10/7/2020 | | For the entire history of the account between 07/25/2019 to 10/7/2020 | |
|---|---|---|---|
| Total Compensable Receipts: | $156,000.00 | Total Compensable Receipts: | $156,000.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $156,000.00 | Total Comp/Non Comp Receipts: | $156,000.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $156,000.00 | Total Compensable Disbursements: | $156,000.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $156,000.00 | Total Comp/Non Comp Disbursements: | $156,000.00 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

# FORM 2
### CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| **Case No.** | 18-02662-MH3-7 |
| **Case Name:** | SALAS, LEN |
| **Primary Taxpayer ID #:** | **-***4278 |
| **Co-Debtor Taxpayer ID #:** | |
| **For Period Beginning:** | 4/18/2018 |
| **For Period Ending:** | 10/7/2020 |

| | |
|---|---|
| **Trustee Name:** | Michael Gigandet |
| **Bank Name:** | PINNACLE BANK |
| **Checking Acct #:** | ******0182 |
| **Account Title:** | |
| **Blanket bond (per case limit):** | $720,000.00 |
| **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
| | | $156,000.00 | $156,000.00 | $0.00 |

**For the period of 4/18/2018 to 10/7/2020**

| | |
|---|---|
| Total Compensable Receipts: | $156,000.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $156,000.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $156,000.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $156,000.00 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the case between 12/26/2018 to 10/7/2020**

| | |
|---|---|
| Total Compensable Receipts: | $156,000.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $156,000.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $156,000.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $156,000.00 |
| Total Internal/Transfer Disbursements: | $0.00 |

/s/ MICHAEL GIGANDET

MICHAEL GIGANDET