IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICHOLAAS BREKELMANS AND GAIL BREKELMANS, Co-personal Representatives of the Estate Of Nina Brekelmans | : : : |
| and | : |
| MICHAEL McLOUGHLIN AND MARTHA JOHNSON, Co-personal Representatives of the Estate of Michael Patrick Mcloughlin | : : : |
| Appellants-Cross Appellees | : |
| v. | Civil No. 3:23-cv-00987 |
| MAX SALAS | : JUDGE ALETA A. TRAUGER |
| Appellee-Cross Appellant | : |

**APPELLANTS' DESIGNATION
OF THE RECORD AND STATEMENT OF ISSUES FOR APPEAL**

COME NOW the Appellants and designate the following Record from the bankruptcy case of Len Salas in the Middle District of Tennessee, the adversary docket in Case No. 3:20-ap-90027, and the United States District Court Appeal, Case No. 3:23-cv-987, as the record for their appeal to the 6th Circuit Court of Appeals, Case No. 24-5998, and further designates the following issues on appeal:

Except as specifically noted otherwise, the following terms shall have the meaning set forth below:

  a. "Complaint" refers to the Plaintiffs Amended Complaint filed in Adversary No. 3:20-ap-90027, February 16, 2021 (D-40);

  b. "Bankruptcy Court" refers to the Bankruptcy Court for the Middle District of Tennessee from which this appeal is taken;

  c. "D.C. Bankruptcy Court" refers to the United States Bankruptcy Court for the District of Columbia;

  d. "Adversary Proceeding" refers to Case No. 3:20-ap-90027 filed and pending in the United States Bankruptcy Court for the Middle District of Tennessee, in bankruptcy case no. 3:18-bk-02662;

  e. "Bankruptcy Case" refers to the Chapter 7 case of Len Salas, Case No. 3:18-bk-02662 filed in the United States Bankruptcy Case for the Middle District of Tennessee;

  f. "D.C. Bankruptcy Case" refers to the Chapter 11 Case of Max Salas, Case No. 18-00260 filed in the United States Bankruptcy Court for the District of Columbia.

1. Designation of the record on appeal:

 A. From Adversary Proceeding 3:20-ap-90027:

  (1). All items designated by the Appellee-Cross-appellant, Max Salas (D-119), including all exhibits and attachments thereto; and

  (2). The Bankruptcy Court's Memorandum Opinion, December 7, 2020 (D-29); and

  (3) The Bankruptcy Court's Memorandum Opinion, February 11, 2021 (D-38); and

  (4) The Bankruptcy Court's Order Granting Derivative Standing, February 11, 2021 (D-39); and

  (5) Transcript of the Hearing in the Bankruptcy Court on November 8, 2022, on Plaintiffs' Motion for Summary Judgment (Transcript Ordered 9/18/23 (D-130); and

  (6) Transcript of the Hearing in the Bankruptcy Court on March 21, 2023, on the parties' Cross-Motions for Summary Judgment (Transcript Ordered 9/18/23 (D-136)); and

  (7) Transcript of the Hearing in the Bankruptcy Court on August 15, 2023, on the Plaintiffs' Motion to Alter or Amend the Bankruptcy Court's Order of May 24, 2023 (Transcript Ordered 9/18/23 (D-132)); and

B. From the Chapter 7 Bankruptcy Case of Len Salas, 3:18-bk-02662:

    (1)    Trustee's Motion and Notice to Sell Property Free and Clear of Liens, April 10, 2019 (D-162); and

    (2)    Order Granting Trustee's Motion to Sell Property Free and Clear of Liens, 6/12/2019, (D-179); and

    (3)    Trustee's Supplemental Notice of Auction, 6/27/19, (D-186); and

    (4)    Trustee's Notice of Rescheduled Auction, 7/16/19, (D-187); and

    (5)    Trustee's Report of Sale, August 14, 2019, (D-191); and

    (6)    Trustee's Final Report, February 3, 2020, (D-209); and

    (7)    Trustee's Summary of Final Report, February 3, 2020, (D-210); and

    (8)    Trustee's Final Account, 10/26/20, (D-220).

All of the above items are contained in the Appendix docketed in the District Court Case, 3:23-cv-987, at docket no. (D- ) 14.

C. From the U.S. District Court Docket, Case No. 23-987:

    (1)    Appellants' Motion for Leave to File an Interlocutory Appeal, (D-113, Case No. 21-90027); and

    (2)    Memorandum Granting Leave to Appeal, (D-12), 7/17/24; and

    (1)    Appellants' Brief, (D-13), 8/16/24; and

    (2)    Appellee's Brief, (D-16), 8/16/24; and

    (3)    Appellants' Reply Brief, (D-17), 8/23/24; and

    (4)    District Court Memorandum, (D-18),

9/30/24; and

      (5)  District Court Order Denying Summary Judgment and Affirming the Bankruptcy Court, (D-19), 9/30/24.

  2. Designation of the Issues for Appeal:

    a. Whether the District Court erred in affirming the Bankruptcy Court's determination not to grant the Plaintiffs' Motion for Summary Judgment in whole or in part?; and

    b. Whether the District Court erred in affirming the Bankruptcy Court's grant of the Defendant's belated Motion for Summary Judgment on the Plaintiffs' Counts asserting constructive fraud?; and

    c. Whether the District Court erred in affirming the Bankruptcy Court's determination that the decision of the D.C. Bankruptcy Court, limited to the issue of exempt property, had any preclusive effect on the Plaintiffs' claims for avoidance under 11 U.S.C.§ 544(Counts I-III), or recovery under 11 U.S.C. §548 and D.C. Code §§ 28-3104, *et seq.*(Counts IV-V)?; and

    d. Whether the Bankruptcy Court and the District Court misconstrued and misapplied the ***Whiting Pools*** decision, and other cases in affirming the Bankruptcy Court's determination that the size of the Plaintiffs' claims allowed the Bankruptcy Court to alleged preclusive effect of the D.C. Bankruptcy Court's findings and conclusions to the Plaintiffs' derivative claims in the Adversary Proceeding?; and

    e. Whether the District's Court's affirmation of the Bankruptcy Court's conclusion regarding the effect of the size of the Appellants' claims on their ability to seek claims available to the Chapter 7 Trustee of Len Salas, results in the dangerous and unintended affect of chilling the ability of bankruptcy trustees to seek assistance from major creditors to assert claims for the benefit of the bankruptcy estate?; and

    f. Whether the application of issue preclusion to the subject litigation filed on behalf of the Debtor's Estate is an improper application which thwarts the ability of a Trustee to seek recoveries on behalf of the estate, often with the assistance of one or more major creditors?; and

    g. Whether the Bankruptcy Court and the District Court improperly considered each Appellant as if their claims constituted a single claim against the Debtor's Estate?; and

    h. Whether, in the context of bankruptcy cases, the Bankruptcy Court and the District Court improperly limited its consideration to the payments eventually made to the Appellants and failed to consider the substantial consideration paid by the Appellants for the right to pursue the Trustee's claims and their benefit to the bankruptcy estate and the administration of the estate, including administrative payments made to Debtor's counsel?; and

i. Whether the Bankruptcy Court and the District Court failed to consider the bidding process whereby the Appellee sought to purchase the bankruptcy estate's claims against the Appellee to prevent the Trustee or the Appellants from pursuing those claims and the Appellants' only bid against the Appellee after the Trustee failed to pursue his claims but, instead, sought to sell the claims to the Appellee?;

j. Whether the District's Court's affirmation of the Bankruptcy Court's conclusion regarding the preclusive effect of the D.C. Bankruptcy Court's ruling results in the unfair and unintended limiting of the bankruptcy trustee's claims in cases similar, or analagous to those asserted in the Len Salas bankruptcy case?; and

k. Whether the Bankruptcy Court erred in determining that a decision regarding an alleged owner of exempt property in the District of Columbia has any preclusive effect on the avoidance and recovery claims of the trustee in the Tennessee bankruptcy case of the titled owner of the property?; and

l. Whether the Bankruptcy Court erred in determining that the Plaintiffs were not entitled to summary judgment based upon the undisputed facts of this case and the controlling decision of *McKinley v. Crawford*, 58 F.2d 528 (D.C. App. 1932)?; and

m. Whether the length of time of the alleged possession of a party after transferring title to the subject property sought to be recovered can be used to overcome the actual deed on record and the lack of a showing of any interest in the title record against the owner, the Debtor, Len Salas, who received a voluntary deed from the Appellee asserting ownership?; and

n. Whether the Bankruptcy Court and the District Court failed to give proper weight and consideration to the (undisputed) facts asserted by the Appellants regarding whether Len Salas merely held "bare legal title" to the property which is the subject of the dispute on appeal?

o. Whether the Bankruptcy Court and the District Court failed to give proper consideration to all of the (undisputed) facts asserted by the Appellants which showed that Max Salas's alleged possession of the subject property was not "open' but was, rather hidden, from all parties?; and

p. Whether the Bankruptcy Court erred when it determined that there were material issues of fact in dispute that prevented the Court from granting the Plaintiffs Summary Judgment on Counts I-III of the Amended Complaint?

q. Whether the Bankruptcy Court and the District Court failed to view the facts asserted by the Appellants in the light most favorable to them and, instead, used a lesser, or different, standard in granting partial summary judgment to the Defendant?; and

r. Whether the Bankruptcy Court and the District Court failed to give proper weight to the undisputed facts asserted by the Appellants and, thus, improperly failed to grant summary judgment to the Appellants on Counts I-III?; and

s. Whether the Bankruptcy Court and the District Court failed to appropriately consider the Appellee's misstatements and apparent lies (along with those of his sons, Len and Ronald) regarding the existence of the "Quitclaim Deed" after 2010 and further failed to appropriately apply the doctrine of "unclean hands" to the facts of this case, especially to the extent those facts were not viewed with respect to the grant of summary judgment to the Appellee, "in the light most favorable to the [Appellants] non-moving parties?; and

t. Whether the Bankruptcy Court and the District Court applied the findings and conclusions of the *Newpower*[1] and *Whiting Pools*[2] cases too broadly to the specific facts and circumstances of this case improperly applying the concept of "bare legal title"

Respectfully submitted,

BURCH PORTER & JOHNSON, PLLC


By: /s/ Taylor A. Cates
    Taylor A. Cates
130 North Court Avenue
Memphis, TN 38103
901-524-5165
901-524-5000 (fax)
Tacates@bpjlaw.com

LAW OFFICE OF PHILIP J. McNUTT, PLLC


By: /s/ Philip J. McNutt
    Philip J. McNutt
11921 Freedom Drive, Ste. 588
Reston, VA 20190
703-904-4380
202-379-9217 (fax)
Pmcnutt@mcnuttlawllc.com

---

[1] *In re Newpower*, 233 F.3d 922 (6th Cir. 2000)
[2] *In re Whiting Pools*, 462 U.S. 198, 204, n. 8 (1983)

## Certificate of Service

      I HEREBY CERTIFY that a copy of the foregoing Motion was delivered electronically through the Court's ecf noticing system to Phillip G. Young, Jr., attorney for the Appellees and Cross-appellants, and all parties requesting notice, all on this 12th day of November, 2024.

                                     By: /s/ Taylor A. Cates
                                            Taylor A. Cates